# IN THE UNITED STATES DISTRICT COURT FOR THE CONGRESSIONAL DISTRICT OF TENNESSEE WESTERN DIVISION

| | |
|---|---|
| JOSEPH T. McGREGOR, | |
| Plaintiffs, | |
| V. | Docket No.: _____ |
| CITY OF HUNTINGDON; | |
| JUSTEN ROBERTS, Officer of City of Huntingdon, individually, | |
| and | |
| ETHAN PARHAM, Officer of City of Huntingdon, individually, | |
| Defendants. | |

## COMPLAINT

Comes now the Plaintiffs, by and through his attorney, and files this Complaint. For cause of action against the Defendants, both jointly and severally, Plaintiff would respectfully state as follows:

1. This is an action brought by Joseph McGregor as a result of the shooting and deprivation of civil rights of Plaintiff, who was shot and injured by the Defendants, all of whom were acting under color of state law without justification and in violation of his constitutional rights.

### I. JURISDICTION AND VENUE

2. This action is brought against the Defendants pursuant to 42 U.S.C § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States

Constitution.

3.      Jurisdiction is founded upon 28 U.S.C § 1331, § 1343(a)(3)(4), and § 1367(a). This Court has jurisdiction over Plaintiff's claims of violation of civil rights under 42 U.S.C. § 1983. Venue is proper in this Court pursuant to 28 U.S.C § 1391 in that the factual acts and omissions which give rise to this cause of action occurred within this district and within one years of the filing of this complaint and this Court otherwise has jurisdiction.

## II. PARTIES

4.      The Plaintiff is a citizen and resident of the United States, domiciled in Carroll County, Tennessee.

5.      Defendant City of Huntingdon, is a political subdivision of the State of Tennessee. Defendant is and was at all time relevant responsible for the training and supervision of Defendants Justen Roberts and Ethan Parham. The City of Huntingdon at all times relevant has established and implemented policies, practices, procedures, and customs used by law enforcement officers employed by the City of Huntingdon regarding arrests and the use of force. At all times relevant, the City of Huntingdon and its officers were acting under color of state law.

6.      Defendant Justen Roberts is a citizen and resident of Tennessee, and was at all times material to the allegations in this complaint acting in his capacity as a City of Huntingdon police officer and was acting under color of state law. He is sued in his individual capacity.

7.      Defendant Ethan Parham is a citizen and resident of Tennessee, and was at all times material to the allegations in this complaint acting in his capacity as a City of Huntingdon police officer and was acting under color of state law. He is sued in his individual capacity.

## III. FACTUAL ALLEGATIONS

8. On January 7, 2024, Mr. McGregor was stopped by law enforcement in Carroll County, Tennessee. During this stop, officers with Carroll County Sheriff's Department made the vehicle stop due to a traffic violation. Defendant, Chance Townes, took actions to inquire about an unrelated incident that had supposedly happened earlier that same day of January 7, 2024.

9. It was determined that the reason for the traffic stop was due to a traffic violation, but when Defendants approached the Plaintiff, Mr. McGregor was not questioned about reasons related to the traffic stop.

10. Mr. McGregor was observed by Carroll County Sheriff's Department driving 2011 General Motors Pickup truck.

11. Defendant, Chance Townes, advised Plaintiff he was being served with a warning citation and proceeded with questioning during the traffic stop and was demanding that the Plaintiff, Joseph McGregor, roll the driver's side window down, but Plaintiff was still cooperating during the traffic stop.

12. The Plaintiff proceeded to drive off after being detained for 28 minutes during the traffic stop, wherein he was stopped again by officers using a blocking maneuver with their vehicles.

13. Plaintiff was followed for six (6) miles through six (6) intersections.

14. Defendant, Justen Roberts, of the Huntingdon Police Department proceeded to break the window of the truck with his flashlight.

15. There was no reported evidence that this said occurrence was accurate, and there were no other precautions taken to ensure the safety of the Plaintiff.

16. Defendant, Ethan Parham, Huntingdon Police officer was standing next to the driver's window when it was broken.

17. There was no reported communication between the officers at the scene, and Defendant Ethan Parham proceeded to fire a single shot into the vehicle, striking Joseph Trent McGregor in the left arm and right hand.

18. Plaintiff was transported to TriStar Skyline Medical Center in Nashville, Tennessee.

19. There has still been no reported evidence that the Plaintiff showed any signs of having a weapon on his person, or posed a threat to the officers at the scene besides acting hostile in retaliation to the Defendants.

20. Neither Carroll County Sheriff's deputies or Huntingdon Police deputies were ever advised that the suspect was armed.

21. Plaintiff's vehicle was searched subsequent to the shooting and no weapons were found.

22. As a direct and proximate result of the intentional, willful, recklessly indifference and/or malicious act of the Defendants, Mr. McGregor was badly injured.

23. Each of the Defendants, both individually and in concert with the others, acted under color of state law in their official capacity to deprive Mr. McGregor of his clearly established rights and to be free from excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988.

24. Plaintiff is entitled to compensation for the violation of his constitutional rights and the constitutional harms that the Defendants inflicted upon the Plaintiff resulting in his serious and life-threatening injury.

25. Defendant City of Huntingdon either had or should have had policies and procedures in place to protect against such harm. In the event policies and procedures were in place, they were defective and/or not enforces. Further, in the event policies and procedures were in place, Defendant failed to train and supervise and/or improperly trained and supervised its officers and deputies as to same. The existence of these policies and procedures, and/or the proper training and/or supervision as to same, would have prevented the atrocities perpetrated on the Plaintiff. This constitutes an actionably cause against City of Huntingdon in the violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the Constitution of the United States.

26. The above-descried deprivations of Plaintiff's constitutional rights are a direct and proximate result of the actions, omissions, policies, and customers of Defendant City of Huntingdon and the named Defendant City of Huntingdon officer Ethan Parham. All City of Huntingdon Defendants knew or should have known that the policies, customer, and conduct violated clearly established constitutional rights that would have been apparent to reasonable persons.

## COUNT I - EXCESSIVE FORCE

27. The Plaintiff re-alleges all allegations previously set forth as as if fully set forth herein.

28. In committing the acts complained of herein, all named Defendants acted under color of state law and deprive the Plaintiff of certain clearly established constitutionally protected rights under the Fourteenth Amendment to the United States Constitution including but not limited to the right to be free from excessive us of force by persons acting under color of state law.

29. In violating the Plaintiff's rights as set forth above and as will be proven at trial, all named Defendants acted under color of state law and the use of excessive force by Defendants was

in violation of the Plaintiff's rights under the Fourth Amendments to the Constitution of the United States.

30. Defendant Justen Roberts violated the Plaintiff's right to be free from excessive force when such force was not reasonably necessary because Mr. McGregor did not pose a threat of serious physical harm to anyone the time the force was used.

31. Defendant Justen Roberts acted intentionally, recklessly, and with deliberate indifference when using excessive force to break the Plaintiff's driver's side window without justification. As such, Defendant Justen Roberts is liable for his use of excessive force.

32. Defendant Ethan Parham violated the Plaintiff's right to be free from excessive force when such force was not reasonably necessary because the Plaintiff did not pose a threat of serious physical harm to anyone at the time the force was used.

33. Defendant Ethan Parham acted intentionally, recklessly, and with deliberate indifference when he fired on shot at the Plaintiff without justification. As such, Defendant Ethan Parham is liable for his use of excessive force.

34. As a direct and proximate result of the violation of the Plaintiff's constitutional rights by the Defendants, Plaintiff suffered severe injuries and special damages as alleged in this Complaint.

35. The conduct of the Defendants was willful, malicious, oppressive, and/or reckless and was such a nature that damages should be imposed against all Defendants and, with the exception of City of Huntingdon, that punitive damages should also be imposed in an amount commensurate with the wrongful acts alleged herein in an effort to deter this type of egregious conduct from happening to other citizens.

36. The amount of force used was grossly disproportionate to the amount of force, if any, that was required. Further, the nature and quality of the intrusion of the Plaintiff's Fourth Amendment interests grossly outweighed the importance of any governmental interest which could potentially justify that intrusion.

37. The Plaintiff's constitutional right to be free from excessive force in all manners described herein was clearly established at the time excessive force was used.

## COUNT II - DELIBERATE INDIFFERENCE - POLICY

38. The Plaintiff re-alleges all allegations previously set forth as if fully set forth herein.

39. The municipal Defendant, City of Huntington, has adopted policies, procedures, practices, or customs within their respective law enforcement agencies that allow, among other things, the excessive use of force when other more reasonable and less drastic methods are available.

40. The actions of all Defendants amount to deliberate indifference to the right of the Plaintiff to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. The actions of all Defendants failed to protect the Plaintiff from the use of excessive force by the named law enforcement defendants. The reckless actions of all Defendants made it reasonably foreseeable that the harm perpetrated on the Plaintiff, resulting in his injuries, would occur.

42. As a result of the deliberate indifference to the Plaintiff's rights by all Defendants including, The City of Huntingdon, and Justen Roberts and Ethan Parham and each of their agents, servants, and employees, the Plaintiff was injured and such injury could have resulted in his death.

43. Alternatively, even if the individual acts of one of the Defendants did not rise to an independent level of culpability, the combined acts and/or omissions of several officers acting under a governmental policy or custom results in a situation where the combined conduct makes each individual defendant liable for a violation of the Plaintiff's constitutional rights.

### COUNT III - FAILURE TO TRAIN/SUPERVISE

44. The Plaintiff re-alleges all allegations previously set forth as if fully set forth herein.

45. The Defendant, City of Huntingdon, by and through their authorized agents, servants, and employees, permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers in making apprehension that violated the federal constitutional rights of citizens, including specifically the Plaintiff.

46. The Defendant, City of Huntingdon, by and through their authorized agents, servants, and employees had in place at the time of the incident rules, regulation, practices, or customs for situations such as the one at issue herein. The failure to properly train and implement proper policies and procedures was a proximate cause of the injuries to the Plaintiff.

47. Defendant, City of Huntingdon, failed to adequately train and educate their officers in the proper use of force to subdue a citizen.

48. Defendants, City of Huntingdon, implicitly or explicitly failed to train and supervise their officers. Said failure amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

49. It was reasonably foreseeable that the failure of the City of Huntingdon to train and supervise its officers to properly handle vehicle stops would result in the use of excessive force.

50. It was reasonably foreseeable that the failure of the City of Huntingdon to train and supervise its officers to coordinate tactical maneuvers with each other and other agencies would result in the use of excessive force.

51. The failure of Defendant, City of Huntingdon to adequately train and supervise other named Defendants amounts to deliberate indifference and recklessdisregard to the rights of the Plaintiff to be free from excessive force and under the Fourth and Fourteenth Amendments to the Constitution of the United States.

52. The foregoing actions of all Defendants were directly and proximately caused by the policies, practices, and customers of the City of Huntingdon, which all were conducted under color of state law to deprive the Plaintiff of constitutionally protected rights including but not limited to the right to be free from excessive use of force by person acting under color of state law resulting in the life-threatening injuries of the Plaintiff.

## COUNT IV - PUNITIVE DAMAGES

53. The Plaintiff re-alleges all allegations previously set forth as if fully set forth herein.

54. The actions and omissions of the Individual Defendants (excluding the City of Huntingdon) complained of herein were unlawful, conscious shocking and unconstitutional and performed maliciously, recklessly, fraudulently, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiff to a substantial award of punitive damages.

## PRAYERS FOR RELIEF

55. That process issued to the Defendants and that they be required to answer in time required by law.

56. That judgement be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

57. That Plaintiff be awarded those damages to which it may appear that it is entitled by proof submitted in this case for the wrongful shooting of the Plaintiff including but not limited to pain and suffering prior to shooting, and the violation of the rights guaranteed to the Plaintiff by the Fourteenth Amendment to the Constitution of the United States in an amount of no more than Five Hundred Thousand and 00/100 ($500,000.00) Dollars.

58. That as to all Defendants excepts for the City of Huntingdon, that punitive damages be asserted against the remaining Defendants.

59. That as to all Defendants that the Plaintiff be awarded reasonable expenses including reason attorneys fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

60. That the Plaintiff receives any other further and general relief to which it may appear that he is entitled.

Respectfully submitted,

TERRY J. LEONARD #011851
100 South Forrest Avenue
Post Office Box 130
Camden, Tennessee 38320
(731)584-0354
tjleonard@bellsouth.net
*Attorney for Plaintiff*

## COST BOND

We, hereby acknowledge ourselves as surety in the above matter for cost in an amount not to exceed $1,000.00.

_____
JOSEPH T. McGREGOR

_____
TERRY J. LEONARD

STATE OF TENNESSEE
COUNTY OF BENTON

JOSEPH TRENT McGREGOR, after being duly sworn according to law, makes oath that the statements contained in the foregoing is true to the best of his knowledge, information and belief, and that same is not made out of levity or in collusion with the Defendant, but in sincerity and truth for the causes mentioned therein.

_____
JOSEPH TRENT McGREGOR

SWORN TO and SUBSCRIBED before me this the 31st day of December, 2024.

_____
NOTARY PUBLIC

My Commission Expires: July 25, 2026